UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-277-GWU

WILMA VAUGHN,                                                                                              PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

* * * * * * * *

The plaintiff appeals an administrative decision to terminate Social Security Income (SSI) benefits originally awarded in 1999. The case is currently before the Court on cross-motions for summary judgment.

**STANDARDS APPLICABLE TO TERMINATION DECISIONS**

When the issue is the termination of benefits, the Regulations establish the following eight-step test:

1. Is the beneficiary engaging in substantial gainful activity? If so, then the disability will be found to have ended. See 20 C.F.R. Section 404.1594(f)(1).

2. Provided the beneficiary is not engaged in substantial gainful activity, does the beneficiary have an impairment or combination of impairments which meet or equal the severity of impairments in the Listing? If so, then the disability must be found to continue. See 20 C.F.R. Section 404.1594(f)(2).

1

Vaughn

3.  If the beneficiary does not equal a listing, then the question is whether there has been medical improvement (any decrease in the medical severity of one's impairments, as per 20 C.F.R. 404.1594(b)(1)).

4.  Provided medical improvement has occurred, then the question is whether this has produced an increase in the residual functional capacity.  If the improvement is not related to the ability to perform work activities, then one proceeds to step 5.  If the improvement is related work ability, then one proceeds to step 6.  See 20 C.F.R. Section 404.1594(f)(4).

5.  Provided there has been no medical improvement or the improvement is not related to work ability, then one must decide whether an exception to the medical improvement standard will apply.  If not, then a finding of continuing disability should be made.  See 20 C.F.R. Section 404.1594(f)(5).

6.  If the medical improvement is found to be related to work ability or if an exception to the medical improvement standard applies, then one considers whether the current impairments in combination are severe.  If so, then one proceeds to step 7; if not, the beneficiary is no longer considered disabled.  See 20 C.F.R. Section 404.1594(f)(6).

7.  If the impairments are found to be severe, then one must assess the beneficiary's ability to engage in substantial gainful activity in accordance with 20 C.F.R. Sec. 404.1561.  If found capable of performing past relevant work, then the disability will be found to have ended.  Otherwise, one proceeds to step 8.  See 20 C.F.R. Section 404.1594(f) (7).

8.  Provided the beneficiary cannot perform past relevant work, then one must assess the residual functional capacity and considering the age, education, and past work experience, determine whether other work can be performed.  If so, then the beneficiary is no longer disabled.  Otherwise, a finding of continuing disability should be made.  See 20 C.F.R. Section 404.1594(f)(8).

The standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the

2

.
Vaughn

extent that he can perform substantial gainful activity.  Casiano, Jr. v. Heckler, 746 F. 2d 1144 (6th Cir. 1984).  The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions.  Id. at 1148.

**DISCUSSION**

Vaughn, in a decision dated October 27, 1999, was initially found to have been disabled within the meaning of the Social Security Act on February 24, 1998 as a result of left breast cancer, prolific fibrocystic disease, and fatigue due to the effects of treatment.  (Tr. 46-50).  In June of 2004, a Disability Hearing Officer reviewed the record and concluded that medical improvement relating to the ability to work had occurred in the plaintiff's condition and that, as of July 1, 2003, she could return to her past relevant work as an assembler.  (Tr. 88-97).  The claimant appealed this determination to an Administrative Law Judge (ALJ).

The ALJ determined that medical improvement relating to the ability to work occurred in Vaughn's condition.  (Tr. 17).  In the time period since July 1, 2003, the claimant was found to suffer from impairments relating to a history of radical mastectomy and fatty liver infiltrates.  (Tr. 18).  The plaintiff, who at the time of the October, 1999 comparison point decision had been found incapable of performing even sedentary level work, was now found capable of performing a restricted range of medium level work.  (Tr. 13, 18).  Since Vaughn's past work as an assembler could again be done, she could no longer be considered totally disabled.  (Tr. 18-

3

Vaughn

19).  The ALJ relied heavily upon the information provided by a vocational expert in making this decision.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Vaughn concedes that she experienced improvement in her breast cancer condition.  <u>Plaintiff's Brief in Support of her Motion for Summary Judgment</u>, Docket Entry No. 10, p. 7.  However, the plaintiff asserts that the current medical record still indicates that she is disabled.  The claimant relies upon the opinion of Dr. David Delapena, a treating physician at the London-Corbin Medical Clinic, for this assertion.

In July of 2005, Dr. Delapena opined that Vaughn would be restricted from lifting more than 10 pounds on a frequent or occasional basis and would be totally precluded from being exposed to unprotected heights, being around moving machinery, being exposed to marked temperature or humidity changes, driving automobile equipment, and being exposed to dust, fumes and gases.  (Tr. 439).  These are more severe physical restrictions than those found by the ALJ.

Vaughn's past relevant work as an assembler was reported by Vocational Expert Katherine Bradford to have been light level in exertion.  (Tr. 465).  Thus, Dr.

Vaughn

Delapena's limitations would at least preclude a return to the plaintiff's past relevant work.

The defendant asserts that any error on the part of the ALJ in rejecting Dr. Delapena's opinion is harmless because an alternative hypothetical question was presented to Bradford, restricting one to sedentary level jobs, and the witness identified a significant number of other jobs which could still be performed. (Tr. 467-468). This question included a number of non-exertional restrictions including an inability to more than occasionally use the left upper extremity for pushing and pulling and an inability to ever climb ladders, ropes and scaffolds and an ability to perform postural activities on only an occasional basis. (Tr. 465, 467-468). However, the ALJ did not present the numerous environmental limitations which were noted by the doctor. Therefore, the alternative hypothetical question does not support the administrative decision. Thus, the question remains whether Dr. Delapena's opinion was properly rejected by the ALJ.

The ALJ rejected Dr. Delapena's opinion as binding because it was inconsistent with other evidence of record and not well supported by other evidence. (Tr. 17). However, the only physicians of record to specifically contradict Dr. Delapena's physical restrictions were Dr. Jorge Baez-Garcia (Tr. 105-109) and Dr. Timothy Gregg (Tr. 134-142), the non-examining medical reviewers. These physicians opined that Vaughn could perform a restricted range of medium level work. The hypothetical question relied upon by the ALJ was essentially consistent

5

Vaughn

with these restrictions. (Tr. 465-466). The witness testified that the past work could still be performed. (Tr. 466).

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner has clearly stated the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Furthermore, when the examiner is also a treating physician, Social Security Ruling 96-6p suggests that the non-examiner must also review a complete medical record including a report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than that which was available to the treating physician.

In the present action, Dr. Baez-Garcia saw the record in May of 2003 (Tr. 109) while Dr. Gregg saw it in August of 2003 (Tr. 141). Thus, neither reviewer had the opportunity to see and comment upon Dr. Delapena's July, 2005 assessment nor many of the treatment notes from the London-Corbin Medical Clinic which were not submitted into evidence until after the reviewers saw the record. (Tr. 408-411). Dr. Delapena based his opinion, at least in part, upon a finding of diabetes mellitus with diabetic neuropathy. (Tr. 439). This was a condition first diagnosed in August of 2003. (Tr. 411). Dr. Bobby Kidd, the consultant examiner who saw the claimant in April of 2003, did not address this problem. (Tr. 208). Thus, the medical reviewers did not see a complete record nor did they see the opinion of a specialist who addressed the diabetes problem. Under these circumstances, the ALJ could

Vaughn

not rely upon the opinion of the medical reviewers to offset the treating source.

Even with medical improvement relating to Vaughn's breast cancer problems, Dr. Delapena still indicates that as a result of problems concerning diabetes mellitus as well as the residuals from the breast cancer condition, she is still restricted to a limited range of sedentary level work and cannot return to her past work. The alternative hypothetical question also did not fully reflect the doctor's restrictions. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of April, 2007.

Signed By:
*G. Wix Unthank*
United States Senior Judge